7-7. Bruckner Truck Sales v. Guzman. Mr. Thompson, we'll hear from you. Thank you, Your Honor, and may it please the Court, I'm Will Thompson. I represent Bruckner Truck Sales, Inc., a family-owned truck dealership based in Amarillo. During the pandemic, Bruckner accepted a Paycheck Protection Program loan for $10 million to avoid laying off its employees. Bruckner acted in good faith, relying on, among other things, the advice of its lender, a bank that had been delegated authority by Congress to make and approve guaranteed loans on behalf of the SBA. Bruckner then used 100% of the loan proceeds in just the way Congress demanded for forgiveness. He used it to pay its employees. It was effectively a conduit that allowed Congress to send money to American employees and prevent them from losing homes, access to groceries, things like that. Having done just what Congress demanded for purposes of achieving loan forgiveness, Bruckner submitted a loan forgiveness application, but the SBA denied that application, not because it disagrees with any of the facts I just said, but because the SBA now disagrees with the previous determination of its agent to issue the loan in the first place. This Court should reverse because the plain text that Congress enacted says that applications for loan forgiveness do not depend on whether the borrower was eligible for the underlying loan in the first place. So, let me ask you this. You said, I think your theory essentially is that the agent authorized this on behalf of the SBA, and so the SBA is changing its position. I think that is true, Your Honor. Our theory doesn't depend on that. Okay. That's the narrative, if you will, that you're offering. I do note that the application form that I'm looking at lists 942 employees. Correct, Your Honor. Certainly, the express text of the statute says it's a 500-employee cap, right? There is a 500-employee cap subject to a number of nuances, including how the affiliation rules apply and are waived. But you're not submitting any of those theories here, I noticed. We're not relying on that theory here, Your Honor. But don't we basically assume at this point that there was a clear violation of the congressional requirements set forth in the CARES Act? I wouldn't say clear, Your Honor. A rephrase. No, fair enough. It is stipulated for purposes of this appeal that your client did not satisfy the provisions of the CARES Act. That is not an issue in this appeal. You could have challenged it. You chose not to. I'm sure for good reason, but nor is it challenged by the government, for example, that my client proceeded in good faith. That's unrebutted summary judgment evidence that they did not take up on discovery or otherwise challenge in the summary judgment proceedings. Fair enough. But given the legal rule that's at issue in this appeal, and we are going to be establishing a legal rule one way or the other, we're essentially writing as if it's uncontested that this was employees way over the number allowed. I think that's fair, Your Honor. The court has to analyze the question as though the question is, is— There's an undisputed clear ineligibility for the guarantee. The employer is ineligible for the underlying loan. Can it nonetheless— I appreciate that your client has a different sense of the facts, but that's not what's presented to us. What's presented to us is just as if it's a obvious violation of the employee cap. The only reason I'm challenging the word obvious there, Your Honor, is because we do think there's a difference, of course, between good faith issues and fraud. If an applicant defrauded— There may be downstream consequences, and I'm not trying to— I'm certainly not trying to bind you all as to that situation, but as to the legal question before us. Well, we actually think the difference between good faith and fraud matters for purposes of loan forgiveness as well, not just for downstream consequences. So let me try to address the two quick issues right off the bat. So one is the statutory definition of a covered loan, and to be clear, everyone in this case agrees that if we have a covered loan, we win. The second is the way that Congress used the term covered loan elsewhere in the forgiveness provision. So starting with the statutory definition, a covered loan for purposes of forgiveness is a loan guaranteed under Section 636A36. That statutory subsection is the provision creating the PPP. Its title is Paycheck Protection Program. So the question is effectively, does Bruckner have a guaranteed PPP loan? The answer to that is indisputably yes. The record says it over and over again. The government's answer below concedes that we have a PPP loan and that it was guaranteed at a 100 percent rate. The government hasn't run away from that. It hasn't tried to rescind the guarantee or anything like that. On the contrary, it has honored the guarantee in the words of its answer below by paying the guarantee to the bank. I wonder, though, if you're skipping two parts of the text. One is it has to be an eligible recipient, and two, it's not just a guarantee. It has to be guaranteed under the law, not just guaranteed as a factual matter by the lender and by the SBA. I'd like to address that right now. I don't think I'm skipping it at all. So to be an eligible recipient, the definition is the recipient of a covered loan. So that's how we got to covered loan. The reason we win if we have a covered loan is because that means we are an eligible recipient for purposes of loan forgiveness. Right. But you agree to be eligible. You have to be guaranteed not just by the SBA as a factual matter, but guaranteed under the law. Yes, and we absolutely are guaranteed under the law. That is the only source of authority for the guarantee that the SBA admits exists and was honored here. So let me address the contrary point the government raises. The government points instead of to 636A36, to 636MH. 636MH, to begin, even if the government were right about that being the source of authority, we would still have a covered loan and we would still win this appeal because 636MH applies to only two types of loans. One is second draw loans. We don't have a second draw loan. No one thinks that's an issue. The other type is a covered loan. So if the government were right that 636MH were the source of its authority for a guarantee, it would be conceding that we have a covered loan and that would mean we are an eligible recipient and that would mean we win. Now, as it happens, I do not think the government is right about 636MH being the source of its authority. Your Honor doesn't need to reach that question, of course, if you agree with me about what I just said. But either way, if we go past that and say 636MH, does it authorize guarantees of loans? It does not. It does not use the word guarantee. It doesn't say anything about guaranteeing. What 636MH addresses is a situation where a lender has made a good faith mistake in issuing the loan and the question is should the government sue that lender? Should it bring some kind of enforcement action? Congress said no. The lack of an enforcement action is not the same thing as a financial guarantee. We know that because when Congress wanted to authorize the SBA to guarantee loans, it did so expressly in 636A36B. That's a provision we point to in our briefs as the source of its guarantee authority. It says the administrator may guarantee. It uses the words expressly because that is how Congress writes when it wants to authorize guarantees from the SBA. Now that we've covered the statutory definition of covered loan, I'd like to also address the context of how Congress used the term covered loan elsewhere in the forgiveness provision. So if your honors take a look at 636ML1. This is within the forgiveness provision and what Congress did there is it addresses situations. I'm going to add some ellipses here because it's a long paragraph. It says the administrator may, in the case of ineligibility, modify the loan forgiveness amount with respect to a covered loan described in subparagraph A. So this provision is important for two independent reasons, your honor. One is, this is Congress expressly stating that even in the case of ineligibility, the borrower has a covered loan. And again, if we have a covered loan, we're an eligible recipient and we win this appeal. The second reason it's important, and the government has no response to that, by the way. I haven't gotten anything from that in the government's briefing. They've just ignored the provision. The second reason this provision matters is because it expressly grants the type of authority that the SBA is claiming was implicitly granted elsewhere. What the SBA would like to do in this case is modify the forgiveness amount down to zero based on alleged ineligibility for the underlying loan. Congress said the SBA could do that, but not for our loan. Congress expressly granted that authority for, quote, a loan described in, excuse me, a covered loan described in subparagraph A. It's undisputed that Bruckner's loan is not described in subparagraph A. I don't want to bore the court with the details of it, but the loans in subparagraph A went through an expedited, less paperwork-filled procedure for getting approved both for the issuance of the loan and for the forgiveness application. And so effectively what Congress did was say, if there's less rigor and less but if you go through the normal process as Bruckner did to get approved, then you just have a covered loan and there's no authority to modify the forgiveness amount based on ineligibility for the underlying loan issuance. Now unless your honors have further questions about those provisions, I will just hit briefly on a couple of other key parts of the statutory text. One is this distinction between the way eligible recipient is defined for purposes of loan issuance and the way it is defined for purposes of loan forgiveness. Interestingly, the statute uses the same term, eligible recipient, in both places, but Congress expressly defined them differently. And when it did so, it distinguished between being, quote, eligible to receive a covered loan and being, quote, the recipient of a covered loan. When Congress defined eligibility for purposes of loan issuance, it used that first quote, eligible to receive a covered loan. And that, if we trace through the statute, that incorporates things like the size limitations Judge Ho mentioned. But when it defined eligibility for purposes of loan forgiveness, it did not say you had to be eligible to receive the loan. It just said you were the recipient of a covered loan. And when you trace through the statute, it does not incorporate any of those size limitations again. That's important here, Your Honor, because we know that when Congress uses different language in related provisions and acted in the same statute, it must mean different things. Although, what do you—I'm going to repeat my earlier question. What do you make of the fact that the recipient of a covered loan is the meaning of the word eligible recipient? I'm sorry, Your Honor. In other words, the word eligible is already in there. It's the term that's used, eligible recipient. And it may be that I missed your point, but you were saying the definition is limited to recipient of a covered loan. That's because the operative term is eligible recipient. Eligibility is already built in. Well, Your Honor, the defined term is eligible recipient in the forgiveness provision. Right. You don't think that word has any effect, though? Eligibility is in the air. We know what effect it has because Congress defined eligible recipient with the recipient of a covered loan. So we can effectively replace the term. You know, you could redline the statute and replace the defined term with the definition. But can we do that while ignoring the original term that's being defined? Well, I don't think we need to talk about eligibility as Congress talking about. And when it's talking about eligibility for forgiveness, you can receive forgiveness. You're an eligible recipient for forgiveness purposes. It doesn't require you to have necessarily been an eligible recipient for purposes. Isn't it weird to be eligible for forgiveness but not eligible for the guaranteed loan in the first place? I don't think it is. If you're not eligible for the guaranteed loan, then there's nothing to forgive. I think it's the exact opposite of that, Your Honor. With respect, I'd like to explain why. The context here is that Congress knew mistakes were going to be made in the issuance process. Right. Absolutely. They were trying to shovel hundreds of millions of dollars out the door in record time. Well, and they were trying to encourage lenders. Exactly. They were trying to encourage lenders. That's different from forgiving everything. They were also trying to encourage employers to accept these loans. They did not know how many people would want to sign up for it. And to be sure, Congress could have made a policy choice that we should put good-faith borrowers on the hook and that, you know, caveat emptor, accept a PPP loan at your own peril. But they didn't want to do that because that would discourage participation in a program that they wanted to move quickly and they wanted everyone to participate in when they could. And so what Congress used in its express statutory definitions was it separated out the question of eligibility for loan issuance from the question of eligibility for loan forgiveness. And it worked. That's what Congress did. Now, Congress made a different choice for later programs. To be sure, Congress later altered the rules. When they came to the loan program, for example, Your Honor, instead of having two definitions, they had one definition. An eligible entity is defined the same way for the second-draw program, whether it's issuance or forgiveness. But Congress did not go back and amend the way that the first-draw loan program works. Again, that difference in statutory language that Congress chose, I think it's crucial to understand the difference in meaning it intended. Your Honor, I see that I am running out of time here. I do want to address a couple of things. The government has, in my view, scaremongered quite a bit about fraud in the PPP program. Obviously, everyone's against fraud. It's undisputed that there is no fraud at issue here. The unrebutted summary judgment evidence is that my client proceeded in good faith on the advice of accountants and bankers, including bankers to whom Congress had delegated the SBA's issuance authority. But more than that, there are plenty of ways for the government to deal with fraud, and they have been admirably active in doing so in the PPP program. There's of course criminal liability. There's of course a false name tag. Before your time runs out, I do want to ask this question. If, purely hypothetically, we were to conclude that the statute is an equipoise as to the issue in front of us, in other words, it's a 50-50 case, what then? Is there a tiebreaker canon that you would invoke? Right. I think that that would require reversal, Your Honor, for a number of reasons, including the fact that the government's latest theories were not even adopted by the agency below. We've of course briefed how the 636MH argument is new in this court, in the appellate brief, not briefed in the district court. But also the arguments that were briefed in the district court were not briefed in front of the agency, and were not— Why not presume that if the statute is an equipoise on this question, the tie goes to the taxpayer, that this type of funding, this type of forgiveness wasn't authorized because it's myopic as to this issue? I think where the tie would go is where Congress put it here, Your Honor. Well, no, my question is, what if we don't know? We genuinely just think, guaranteed under the section, it's indecipherable as to what to do when it's literally guaranteed, but literally not allowed to be guaranteed under that statute? If the statute is indecipherable— If we believe it's—exactly, just literally an equipoise. And the agency had no statutory basis for denying our forgiveness application. And we do think that the Chenery arguments would carry the day. If this is a situation where the court cannot resolve the statutory interpretation question, then at the very least, the fact that the agency did not adopt the rule below would mean under Chenery it cannot be affirmed on that basis. Okay. Thank you. You've reserved time. Ms. Barmore? Did I pronounce that correctly? Barmore. Good afternoon. May it please the Court. I am Cynthia Barmore here for the federal government. I would like to emphasize just two points. First, the statutory text makes clear that businesses are not eligible for billions of dollars in PPP loan forgiveness when Congress excluded them from receiving a loan in the first place. A borrower simply cannot have a loan guaranteed under Section 636A when it was ineligible to participate in the program created by that very section. Second, that understanding reflects the ordinary rule that SBA, like any agency, cannot exceed the scope of its statutory authority. At the outset, Section 7A provides that SBA can guarantee the loan of any, quote, qualified small business, but only, quote, to the extent provided in advance in appropriation acts. Bruckner's loan, therefore, cannot be guaranteed under Section 636A36 because SBA does not have authority to guarantee a loan under that section to unqualified businesses like Bruckner. But what do you make of the fact that this loan was, in fact, guaranteed, as I understand it to this day? I think it's important to focus on not just whether it was guaranteed, but under what authority is SBA guaranteeing that loan. It certainly was not under Section 636A36, which did not give SBA the authority to do that. I take it your point is it should not have been guaranteed. Your Honor, I think it's quite clear that it should not have been guaranteed at all, but whether SBA had authority to subsequently purchase the loan from the bank, we ground that authority in 636MH, but ultimately this Court doesn't need to reach that question. The only question for this Court is whether it's guaranteed under 636A36, and the answer there is no. Your Honors, I think from the discussion this morning, this Court has a fairly strong handle on the statutory structure, but I am, of course, happy to answer any questions that would help this Court. I am curious. Am I to understand that no Court has opined on this, other than the District Court here, of course, but this is not an issue that's been teed up? I believe this is the first Court to reach the issue, yes. What should we draw from that? I mean, is this a common problem? Is a lot of money at stake on this legal question? I'm just asking. Obviously, we'll decide the case either way. Is this a fairly prominent, frequent problem, or just a unique one-off anomaly? There are a lot of PPP cases out there, but the fight is usually about whether the business was actually eligible or not for the loan. Other litigants really haven't raised this type of challenge. I think recognizing that the statute is fairly clear that these types of businesses are not entitled to forgiveness if they're ineligible for the loan. Sorry, just to be clear, is your point that there are other borrowers that are in the same situation? Namely, they had their loans guaranteed, but then they subsequently sought forgiveness and were denied because they shouldn't have been guaranteed, and they have not come up with this theory? That's correct. Those cases— That doesn't mean the theory is right or wrong, obviously. Just for whatever reason, these other borrowers have not hired counsel to do this. Correct. They've chosen to fight on the turf of whether they actually were eligible or not. Okay. Got it. If this court has no further questions, we would urge it to affirm the district court. Thank you. Mr. Thompson, you're back. You didn't get to sit very long. That's all right. Thank you, Your Honor. And may it please the court, I will obviously be brief, but to this day, we still can't get an answer from the government on 636ML. The statute plainly says that in the case of ineligibility, a borrower still has a covered loan. The government has not provided a response below or in briefing to that. I think I heard them say that they don't need to rely on it, so they're fine ceding that to you. Sorry. I think what they ceded was— Maybe I misunderstood. I apologize if I did. That provision has a couple of areas of import, and what they ceded was they don't have to rely on the idea that 636MH is the source of their authority to guarantee. Now, to be clear, if they cede that, they can't point to any provision that is the source of their authority to guarantee. So the fact that— But I think that's their point, that this was not, in fact, guaranteed. It was wrongly guaranteed. That doesn't mean they're going to go after the lender, but it was not guaranteed. Sorry. It should not have been guaranteed. It was guaranteed. It shouldn't have been. Right. It was guaranteed. Now, I suppose— If I may, let me just throw out sort of—it's a fanciful hypothetical in my mind, but if I were to if some law were to turn on whether a district court granted relief under Title VII, and let's say that was obviously wrong and it was overturned by everybody on appeal, we would say that that was granted, that they were granted relief by the district court. I'm not sure we would say they were granted relief under Title VII. I think we would, Your Honor, in fact. Even though it was repealed or—I'm sorry—reversed on appeal? Yes. The district court's relief was granted under Title VII even if it was wrong, and I think this happens all the time in the sense of—take federal question jurisdiction. Someone has sued under a federal law, and they are completely mistaken about what the federal law means. They're reversed on the merits. They lose. Any of that stuff— It's still under. It's still a federal question jurisdiction. It's still under. It can still be sued under federal law. To get back to the 636ML point just for a brief moment, the key is, regardless of the point that they raised about what the source of authority is, even if 636ML had no other relevance to this case, in it, Congress uses the term covered loan to refer to a loan held by a borrower who was ineligible. That is the core question in our case. Can you have a covered loan and therefore be an eligible recipient even if you were ineligible for the underlying loan? Congress said yes in 636ML, and the government doesn't have a response to that. That's enough to resolve the case. Unless your honors have further questions for me, I ask that the court reverse. Thank you. Case is submitted, and we are adjourned.